UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16-CV-00276-TBR

MAKI JUILLERAT                                                                    PLAINTIFF

v.

UNITED STATES OF AMERICA, *et. al.*                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Louisville Metro Police Department Officer Greg Mudd's Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). [DN 36.] The time for filing a response has passed, and therefore this matter is now ripe for adjudication. For the reasons set forth below, Defendant's motion is **GRANTED**.

## BACKGROUND

The relevant facts as set out in the complaint [DN 1-1] and taken as true are as follows. Plaintiff Maki Juillerat ("Juillerat") is a United States Army veteran who, in March 2015, was receiving treatment at the Robley Rex Veterans Affairs Medical Center ("RRVAMC") in Louisville, Jefferson County, Kentucky. [DN 1-1 at ¶¶ 2–3; 23.] Juillerat was obtaining treatment for Post-Traumatic Stress Disorder, which was the result of his seventeen years of military service. [*Id.* at ¶ 31.] On or around March 20, 2015, Juillerat had a counseling session with Dr. Mary Sweeny, during which Juillerat and Dr. Sweeny discussed confidential matters, including Juillerat's mental status, judgment and insight, and risk factors. [*Id.* at ¶¶ 32–36.] Additionally, Juillerat and Dr. Sweeny discussed a recent encounter Juillerat had with Louisville

1

Metro Police Department ("LMPD") Officer Greg Mudd during a traffic stop and during which Officer Mudd issued Juillerat a citation. [*Id.* at ¶¶ 37, 40.] During the conversation with Dr. Sweeny, Juillerat reported that he had "'thoughts' of shooting Officer Greg Mudd," but further stated that he did not plan to carry out such a shooting. [*Id.* at ¶¶ 38–39.] Juillerat also informed Dr. Sweeny about an upcoming court appearance that was scheduled as a result of the citation. [*Id.* at ¶ 40.] Juillerat told Dr. Sweeny that if his thoughts "progressed further toward action," he would call emergency services or go to a hospital. [*Id.* at ¶ 41.]

On or around March 27, 2015, Sonny Hatfield, a Veterans Outreach Specialist at RRVAMC, attended a risk management meeting where he learned of Juillerat's statements regarding his thoughts about Officer Mudd. [*Id.* at ¶¶ 5; 42–43.] Upon learning this information, Hatfield sent an email to the LMPD stating "I was made aware after viewing a note that an Officer Mudd was threatened 'to be shot' by a patient at the VA. The person in question is Maki James Juillerat." [*Id.* at ¶¶ 44–45.] On or around March 31, 2015, Hatfield noted the sending of this email in Juillerat's file. [*Id.* at ¶ 46.] Hatfield wrote that he " '[i]nformed Off. Jack that this writer was the second hand report' and he 'did not hear the 'HI' (comment) directly.' " [*Id.* at ¶ 47.] Hatfield additionally provided LMPD with Dr. Sweeny's telephone number and noted this in Juillerat's file as well. [*Id.* at ¶¶ 48–49.] The LMPD did not attempt to contact Dr. Sweeny, however. [*Id.* at ¶ 50.] Also on or around March 31, 2015, Dr. Sweeny made an entry in Juillerat's file stating "Patient never said anything about killing the officer or anybody else," that "He (Patient) said he 'thought about shooting' the cop," but that Juillerat "went on to say he had no intentions of doing this." [*Id.* at ¶¶ 51–54.] Dr. Sweeny also wrote that Juillerat had promised to "go to the ER or call 911 if he felt he was losing control over his impulses to hurt self or others." [*Id.* at ¶ 55.]

2

On April 2, 2015, Juillerat attended the hearing on his traffic citation, and the next day, on April 3, an electronic arrest warrant was issued charging Juillerat with terroristic threatening. [*Id.* at ¶¶ 56–57.] The arrest warrant was executed on April 5, 2015 by an unnamed LMPD officer, who arrested Juillerat and took him into custody. [*Id.* at ¶¶ 58–59.] Juillerat remained in LMPD custody until being discharged on April 15, 2015. [*Id.* at ¶ 60.] On May 7, 2015, the terroristic threatening charge was dismissed on the merits "on grounds that the charge was 'insufficient on its face to be terroristic threatening.' " [*Id.* at ¶¶ 61–62.]

Plaintiff originally filed the instant tort action in Kentucky state court on or around April 5, 2016. [DN 1.] Among several other defendants, Plaintiff brought suit against Sonny Hatfield and Jamie Watts, employees of the Robley Rex Veterans Affairs Medical Center, a facility operated by the Department of Veterans Affairs. [*Id.*] Pursuant to § 2679(d)(1) of the Federal Employees Liability Reform and Tort Compensation Act of 1988, (the "Westfall Act"), United States Attorney John E. Kuhn, Jr. certified that Hatfield and Watts "were acting within the scope of their employment with the United State Department of Veterans Affairs at the time of the conduct alleged in the complaint." [DN 1 at 2.] Hatfield and Watts were accordingly dismissed from the action, and the United States was substituted as the proper party. [*Id.*] It removed this case to the United States District Court for the Western District of Kentucky on April 16, 2016. [*Id.* at 3.]

## STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir.

2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

DISCUSSION

In this action, Plaintiff asserts several state law tort claims against multiple defendants. Against Officer Mudd, Plaintiff asserts claims of negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment. [DN 1-1 at 11–20.] Of the Defendants who are public employees, including Officer Mudd, Plaintiff asserts his claims against those individuals both in their official and individual capacities. [*Id.* at ¶ 21.] The Court previously denied Officer Mudd's motion to dismiss the claims against him in his individual capacity. [DN 32.] In the instant motion, Officer Mudd has moved to dismiss all claims brought against him in his official capacity on the

grounds that Plaintiff has not stated a claim upon which relief can be granted under Rule 12(b)(6). [DN 17.] Specifically, Officer Mudd argues that he works for and represents "Louisville Metro Government. As Louisville Metro Government is entitled to sovereign immunity, Ofc. Mudd is also entitled to sovereign immunity." [DN 36 at 2 (citations omitted).] Indeed, as Officer Mudd points out, this Court previously dismissed Louisville Metro Government and the claims against Mayor Greg Fischer and LMPD Chief of Police Steve Conrad in their official capacities on the ground that Louisville Metro, and, by extension, Mayor Fischer and Chief Conrad, were entitled to sovereign immunity. [DN 31 at 5–8.] *See Louisville/Jefferson Cty. Metro Gov't v. Cowan*, No. 2015-CA-000600, 2016 WL 5319295, at *2 (Ky. Ct. App. Sept. 23, 2016) ("Because Louisville Metro is essentially an arm of the Commonwealth . . . Louisville Metro is entitled to sovereign immunity . . . and is thus absolutely immune from suit.").

As the Court further noted in its previous opinion, the Supreme Court of Kentucky has explained that, when defendants are "specifically sued 'in their official capacities' . . . each is cloaked with the same immunity as the government or agency he/she represents." *Schwindel v. Meade Cty.*, 113 S.W.3d 159, 169 (Ky. 2003) (citing *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). *See also Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008) ("Official immunity protects governmental officials or employees from tort liability for performance of their discretionary functions . . . Furthermore, official immunity is absolute when an official's or an employee's actions are subject to suit in his official capacity."). Kentucky courts have also expressly noted that, when "defendant officers . . . [are] sued . . . in their official capacities, [they] are afforded the same immunity as that to which Jefferson County is itself entitled." *St. Matthews Fire Prot. Dist. v. Aubrey*, 304 S.W.3d 56, 60 (Ky. Ct. App. 2009). As Officer Mudd was sued both in his

individual and official capacity, based upon the foregoing authorities, the Court will grant his motion to dismiss all claims made against him in his official capacity as he is entitled to sovereign immunity on those claims.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's 12(b)(6) motion to dismiss the claims made against him in his official capacity [DN 36] is **GRANTED.**

**IT IS SO ORDERED.**


cc:     Counsel of Record